Sherman Realty LLC, Petitioner-Landlord-Respondent, 
against
Gladys Kevelier, et al, Respondent-Tenant-Appellant.



Tenant appeals from (1) an order of the Civil Court of the City of New York, New York County (Jack Stoller, J.), dated November 15, 2016, which granted landlord's motion for summary judgment of possession and to dismiss tenant's defenses, and denied tenant's motion to file an amended answer, and (2) an order (same court and Judge), dated April 27, 2017, which denied her motion to renew and reargue the aforesaid order.




Per Curiam.
Appeal from order (Jack Stoller, J.) entered on or about November 15, 2016 is deemed an appeal from the ensuing final judgment entered January 31, 2017, and so considered (CPLR 5520[c]), final judgment reversed, without costs, landlord's motion for summary judgment on the holdover petition denied, tenant's third and seventh defenses reinstated, tenant's motion to amend the answer to assert a ninth defense granted, and the matter remanded for further proceedings. Appeal from order (Jack Stoller, J.) dated April 27, 2017, to the extent appealable, dismissed, as abandoned.
This holdover proceeding, alleging that tenant committed a nuisance in violation of Rent Stabilization Code (9 NYCRR) § 2524.3(b) by making certain alterations in her apartment, is not susceptible to summary disposition. The record presents triable issues of fact concerning the nature and circumstances of the work done in tenant's bathroom and whether tenant's work caused a significant injury to the premises (see generally Mengoni v Passy, 254 AD2d 203 [1998]; West 15th St. Assoc., L.P. v Fares, 31 Misc 3d 149[A], 2011 NY Slip Op 51053[U] [App Term, 1st Dept 2011]; 40 E. 68th St. Co. v Habbas, 22 Misc 3d 135[A], 2009 NY Slip Op 50284[U] [App Term, 1st Dept 2009]). The present record, including landlord's photographic evidence, failed to establish that tenant "gutted and demolished" the bathroom by removing, inter alia, the sink, toilet and tub. The extent of the work done in tenant's bathroom should be determined at a trial at which sworn evidence can be received and credibility assessed. In view of the foregoing, tenant should have been granted leave to amend her answer to assert substantive defenses concerning whether the alleged alterations were made and if they were occasioned by [*2]landlord's failure to make repairs.
Tenant-appellant's appeal from the April 27, 2017 order denying her motion to renew and reargue is, to the extent appealable, deemed abandoned, because tenant failed to address any issue concerning the order in her appellate brief (see Hardwick v Auriemma, 116 AD3d 465, 468 [2014], lv denied 23 NY3d 908 [2014]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concurI concurI concur
Decision Date: December 22, 2017